(No. 85047.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PATRICK KESLER, Appellee.

*Opinion filed May 20, 1999.*

James E. Ryan, Attorney General, of Springfield, and Doug Floski, State's Attorney, of Oregon (Barbara A. Preiner and Joel D. Bertocchi, Solicitors General, and William L. Browers and David H. Iskowich, Assistant Attorneys General, of Chicago, of counsel), for the People.

Susan K. Lucas, of the Office of the State Appellate Defender, of Peoria, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Patrick Kesler, was charged by complaint with violating section 15—107(c) of the Illinois Vehicle Code (625 ILCS 5/15—107(c) (West 1996)). Prior to trial, Kesler filed a written motion to dismiss, arguing that the statute violates the commerce clause of the United States Constitution (U.S. Const., art. I, § 8, cl. 3) and is therefore void and unenforceable. Following hearings at which no evidence was presented, the circuit court of Ogle County granted Kesler's motion. The State now appeals. 145 Ill. 2d R. 604(a)(1). Because a statute of this state has been held invalid, the appeal lies directly to our court. 134 Ill. 2d R. 603.

Section 15—107(c) of the Illinois Vehicle Code provides, in part:

"A truck tractor semitrailer may draw one trailer, or a converter dolly, or a vehicle that is special mobile equipment if the extreme length of the combination does not exceed 60 feet, and a truck in transit may draw 3 trucks in transit coupled together by the triple saddlemount method. Except as otherwise provided, no other combinations of

vehicles coupled together shall consist of more than 2 vehicles." 625 ILCS 5/15—107(c) (West 1996).

In June of 1997, Illinois State Police issued a complaint charging Kesler with violating this statute by operating an "illegal combination of truck/trailer/boat truck vehicles" on Illinois State Route 39. The complaint lists Kesler as having an Oklahoma address. It also states that he was driving with a license issued by the State of Indiana.

Because no evidence was adduced in the trial court, we have no information regarding the specific nature or characteristics of the vehicles involved. Based on the cursory description in the complaint, we assume that some kind of truck was towing some kind of trailer and that attached to this combination was a third vehicle related to boats. Beyond that, however, nothing is certain. We do not know whether the towed vehicles were recreational in nature. It is not even clear whether they were being towed for Kesler's use or for commercial purposes.

Under section 15—107(l) of the Vehicle Code (625 ILCS 5/15—107(l) (West 1996)), individuals are permitted to operate three-vehicle combinations involving trucks, recreational vehicles, and "a trailer or semitrailer designed or used for transporting a boat, all-terrain vehicle, personal watercraft, or motorcycle" where the towed vehicles are "only for the use of the operator of the towing vehicle" and certain other conditions are satisfied. Depending on what the facts ultimately show at trial, Kesler might be able to invoke this provision to avoid conviction. At this point in the proceedings, however, his defense is purely legal. He contends that he should not have to face a trial because, under the federal commerce clause, this state has no right to impose restrictions of the type he is alleged to have violated.

The commerce clause states that Congress shall have the power "[t]o regulate Commerce with foreign Nations,

and among the several States, and with the Indian Tribes." U.S. Const., art. I, § 8, cl. 3. Under this provision, Congress has the authority to enact legislation regulating interstate commerce. Where Congress has not enacted legislation in a particular substantive area involving interstate commerce, a question arises as to whether and to what extent the states may regulate activities in that substantive area. The commerce clause itself is silent on this question. Over the past two centuries, however, the United States Supreme Court has formulated a body of law which interprets the affirmative grant of power to Congress to regulate interstate commerce as carrying with it an implicit limitation upon state power even in those instances where Congress has not acted. See L. Lawrence, *Toward a More Coherent Dormant Commerce Clause: A Proposed Unitary Framework*, 21 Harv. J.L. & Pub. Pol'y 395, 396-97 (1998). The commerce clause requires that some aspects of trade must generally remain free of state interference, and if a state ventures excessively into the regulation of one of these areas, it " 'trespasses upon national interests,' [citation]," and the courts will hold the regulation invalid. *Kassel v. Consolidated Freightways Corp.*, 450 U.S. 662, 669, 67 L. Ed. 2d 580, 586, 101 S. Ct. 1309, 1315 (1981).

Where the purpose of a state regulation affecting interstate commerce amounts to " 'simple economic protectionism,' " a virtual *per se* rule of invalidity has been applied by the Court. *Russell Stewart Oil Co. v. State of Illinois*, 124 Ill. 2d 116, 122 (1988), quoting *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 270, 82 L. Ed. 2d 200, 208, 104 S. Ct. 3049, 3054 (1984). The situation is more complex where legislation is not so clearly aimed at affording economic advantages to local businesses. Ascertaining when otherwise legitimate state legislation imposes an impermissible burden on interstate commerce

requires the court to make a "delicate adjustment" between conflicting state and federal interests. *Raymond Motor Transportation, Inc. v. Rice*, 434 U.S. 429, 440, 54 L. Ed. 2d 664, 674, 98 S. Ct. 787, 793 (1978).

The United States Supreme Court has held that a state's power to regulate commerce is greatest in matters that have traditionally been of local concern. Consistent with this view, the Court has been most reluctant to invalidate regulations that pertain to safety, particularly highway safety. *Kassel*, 450 U.S. at 670, 67 L. Ed. 2d at 586, 101 S. Ct. at 1316; *Raymond Motor Transportation, Inc.*, 434 U.S. at 443, 54 L. Ed. 2d at 676, 98 S. Ct. at 795. If safety justifications are not illusory, the Court will not second-guess the state legislature's judgment of their importance in comparison to the burdens they impose on interstate commerce. Those who seek to challenge *bona fide* safety regulations must overcome a strong presumption as to their validity. *Kassel*, 450 U.S. at 670, 67 L. Ed. 2d at 587, 101 S. Ct. at 1316.

The statute at issue in the case before us today has nothing to do with economic protectionism and does not discriminate between residents of Illinois and drivers from other jurisdictions. It applies, by its terms, to everyone who operates a motor vehicle on the highways of this state, residents and nonresidents alike. Its purpose, according to the State, is to enhance highway safety. There is no indication that the State's safety justifications are illusory. Moreover, there is no indication that the regulation imposes any significant burdens on interstate commerce. The record is devoid of evidence on the subject.

Defendant suggests that no proof was necessary in light of the Supreme Court's decisions striking down state motor vehicle regulations in *Kassel* and *Raymond Motor Transportation, Inc.* The statutes in those cases, however, dealt with prohibitions against the operation of

65-foot double-trailer units. The portion of the statute at issue in this case pertains to a separate and distinct problem. The length of the rig is not at issue, and defendant is not facing prosecution because Illinois does not permit double-trailer units. It does. The basis for the charge against defendant here is the particular combination of vehicles he had coupled together. The factual discussions in *Kassel* and *Raymond Motor Transportation, Inc.*, do not purport to address this kind of vehicle configuration issue and therefore cannot be invoked to relieve defendant of his obligation to provide evidentiary support for his position.

In view of the limited record before us, the judgment of the circuit court can be sustained only if one can say, as a matter of law, that the federal commerce clause imposes a blanket prohibition against any efforts by the state to regulate the configuration of vehicles which operate on its highways. There is no authority for such a sweeping proposition and no basis in the law for creating such authority now.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*